Félix and Carmen Cortés Díaz, Teresa and Luisa Díaz Maldonado and Manuel and Elisa Díaz, Plaintiffs and Appellants, *v.* Gabriel Garau-Castañer and Cristóbal Díaz Maldonado, Defendants and Appellees.

No. 3428. Argued February 19, 1925.—Decided July 24, 1925.

1. Appeal—Evidence—Pleadings.—Evidence presented at the trial which forms no part of the pleadings must be certified by the judge, even if it is documentary, and not by the clerk.

2. Id.—Incomplete Record.—When an incomplete record is filed on appeal and the Supreme Court is in no position to consider the errors assigned by the appellant, the order appealed from will be affirmed.

District Court of Arecibo, Enrique Lloreda, J.   Order denying intervention in a summary mortgage proceeding and refusing to suspend the sale.  *Affirmed.*

*José Tous Soto* and *Manuel Tous Soto* for the appellants.   *Félix Santoni* for the appellees.

Mr. Justice Wolf delivered the opinion of the court.

It would appear from the opinion and judgment in this case that Gabriel Garau Castañer began a summary mortgage proceeding against Cristóbal Díaz Maldonado. The appellants Félix Cortés *et al.* apparently sought to intervene in the said summary mortgage proceeding. The complaint in intervention is numbered 7398.

Gabriel Garau Castañer presented an opposition to the complaint in intervention. The trial took place on the 26th day of July, 1924, and on the 29th of July, 1924, the court decided that an intervention of the kind sought did not lie to stop the summary mortgage proceeding, and we are inclined to think the court was right. However, we do not base our decision on this ground.

We have before us an entirely incomplete record. The pleadings in the mortgage proceeding case have not been certified to us. We have no certificate, statement of the case or bill of exceptions to show the evidence heard by the District Court of Arecibo at the trial. The utmost that we could take notice of was a certificate from the registry of

property, to which the complaint in intervention refers, as well as a declaration of heirship and a previous judgment of the District Court of Arecibo. The secretary of the District Court of Arecibo certifies that certain antecedent papers are a correct copy of all the papers in civil case No. 7963, an intervention presented within a summary proceeding No. 7398. Some of the antecedent papers are other certificates from the registry of property. One of these certificates forms no part of the complaint and was ordered and filed in 1924, while the action was begun in 1919. Another one of these certificates of the registrar was ordered by the attorney for Gabriel Garau Castañer, the original complainant in the summary mortgage proceeding, and was a paper evidently presented in opposition to the complaint.

[1, 2] The theory of the appellant evidently was that this was all documentary evidence and did not need anything but the certificate of the secretary, but we have held that evidence presented at the trial which forms no part of the pleadings must be certified by the judge, even if it is documental. *Non constat* that the judge may have had before him other evidence. Of papers annexed to a complaint only the execution and authenticity is admitted. They do not of themselves necessarily prove their contents, especially as the averments of the complaint are not proof at the trial. Having before us an imperfect judgment roll, with no statement of the evidence taken at the trial, we are in no condition to discuss the errors raised by the appellant.

The appellee also draws attention that the appeal apparently was taken in the intervening proceeding and not in the summary mortgage proceeding wherein the judgment was rendered. Perhaps there is some force in the suggestion of a lack of a right to appeal, but we base our decision on the lack of a complete record.

The judgment must be affirmed.